IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL CANNON, an individual, <br><br>   Plaintiff, <br><br> v. <br><br> AUTOMOTIVE FINANCIAL SERVICES, INC., a Pennsylvania Corporation, <br><br>   Defendant. | Case No: |

## COMPLAINT

Plaintiff, MICHAEL CANNON, an individual, by and through his undersigned counsel, hereby files this Complaint and sues AUTOMOTIVE FINANCIAL SERVICES, INC., a Pennsylvania Corporation, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and states as follows:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, MICHAEL CANNON, (hereinafter referred to as "MR. CANNON") is a resident of the State of Delaware.

4. MR. CANNON is a qualified individual with a disability under the ADA. In July 2011, MR. CANNON suffered a severe injury to his spinal cord which resulted in trauma to his

1

C6 and C7 vertebrae. As a result, MR. CANNON is a quadriplegic and is paralyzed from the chest down. MR. CANNON also suffers from limited dexterity in his hands due to the same incident.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking and standing, and requires a wheelchair for mobility.

6. The Defendant, AUTOMOTIVE FINANCIAL SERVICES, INC., (hereinafter referred to as "DEFENDANT") is a Pennsylvania Corporation registered to do business in the State of Delaware. DEFENDANT is the owner, lessee, and/or operator of the place of public accommodation including the real property and improvements which is the subject of this action, to wit: NAPA Auto Parts, generally located at 508 E. King St, Seaford, DE 19973 ("the Property"). The Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the District of Delaware.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8. The allegations set forth in the preceding paragraphs above are incorporated by reference as if fully set forth herein.

9. The Property, which includes a chain retailer of auto parts, is a place of public accommodation and is therefore subject to Title III of the ADA.

10. MR. CANNON resides approximately 6 miles from the DEFENDANT'S Property and would like to shop there for his automotive needs due to its convenient location. He last attempted to shop there earlier this month but was unable to enter the Property due to the lack of any accessible parking spaces and lack of a wheelchair accessible entrance to the store, i.e., there are two steps but no ramp leading to the entrance doors.

11. During his attempted visit to the Defendant's Property, MR. CANNON experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed herein.

12. MR. CANNON intends to and will visit the Defendant's Property as a patron once the barriers described herein are addressed. Specifically, once a wheelchair accessible entrance is provided. However, MR. CANNON still additionally intends to visit the Defendant's Property as a disability tester to determine whether the barriers to access described herein have been addressed.

13. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.304 et seq. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to have accessible facilities by January 26, 1992. These barriers to access include, but are not limited to the following items which Plaintiff personally observed and/or encountered at the Property:

   A. Plaintiff encountered an inaccessible main entrance to the Property from the parking lot due to several steps leading to the door without a ramp, lift or other wheelchair accessible route into the Property. Due to this issue, MR. CANNON was unable to enter the NAPA Auto Parts store located at the Property and was forced to ask a relative to shop there in his place.

   B. Plaintiff encountered an inaccessible parking lot at the Property due to a complete lack of any disabled use parking spaces. More specifically, none of the spaces in the parking lot were designated by signage or marked with appropriate striping on the ground to indicate any space as exclusively for disabled use. Additionally, none of the spaces in the parking lot have appropriate ADA or van access dimensions for disabled use and none of the spaces provide an adjacent

access aisle for loading and unloading of wheelchair bound persons as required under the ADA. Due to these barriers, Plaintiff was unable to independently park, load and unload out of his vehicle without fear of being hit by a car in the parking lot or being boxed in by adjacent vehicles.

14. To date, these readily achievable barriers and other violations of the ADA still exist but have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Independent of his intent to return as a patron of the Property for his automotive needs and for its convenient location, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against DEFENDANT and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

B. That the Court enter an Order directing DEFENDANT to alter the facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize the policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and that the Court award such other and further relief as it deems necessary, just and proper.

E. That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Dated: October 20, 2022

                        Respectfully Submitted,

                        By: */s/ David T. Crumplar*
                        David T. Crumplar (#5876)
                        Jacobs & Crumplar, P.A.
                        *Of Counsel*
                        750 Shipyard Drive
                        Suite 200
                        Wilmington, DE 19801
                        Tel.: (302) 656-5445
                        Fax: (302) 656-5875
                        E-Mail: davy@jcdelaw.com

                            -and-

                        Ku & Mussman, P.A.
                        18501 Pines Blvd, Suite 209-A
                        Pembroke Pines, FL 33029
                        Tel: (305) 891-1322
                        Fax: (954) 686-3976